IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ADMOR HVAC PRODUCTS, INC., | ) | Civ. No. 19-00068 SOM-KJM |
| | ) | |
| Plaintiff, | ) | ORDER (1) GRANTING IN PART |
| | ) | AND DENYING IN PART |
| vs. | ) | PLAINTIFF'S MOTION TO DISMISS |
| | ) | COUNTERCLAIM AND (2) GRANTING |
| ROBERT SONNY LESSARY and | ) | IN PART AND DENYING IN PART |
| HICOUSTIX LLC, | ) | DEFENDANTS' COUNTERMOTION TO |
| | ) | STRIKE |
| Defendants. | ) | |
| | ) | |

**ORDER (1) GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM AND (2) GRANTING
IN PART AND DENYING IN PART DEFENDANTS' COUNTERMOTION TO STRIKE**

**I.      INTRODUCTION.**

Defendants Robert Sonny Lessary and Hicoustix LLC
began competing for business with Plaintiff Admor HVAC Products,
Inc., while Lessary was an Admor employee.  No longer employed
by Admor, Lessary and his company, Hicoustix, remain in
competition with Admor, which has sued them.  Defendants have
counterclaimed.

Before the court are Admor's motion to dismiss the
Counterclaim, and Defendants' countermotion to strike certain
matters raised in Admor's motion to dismiss.  ECF Nos. 55, 67.

Defendants' Counterclaim asserts three claims against
Admor: (1) unfair competition in violation of section 480-2 of
Hawaii Revised Statutes, (2) failure to pay commissions/wages
pursuant to chapter 388 of Hawaii Revised Statutes, and

(3) violation of the notice requirements in the Consolidated
Omnibus Budget Reconciliation Act ("COBRA").  ECF No. 24-1.
Admor argues that Defendants' unfair competition claim fails as
a matter of law and that their remaining two claims are moot.

Defendants' countermotion argues that Admor's motion
to dismiss presents matters outside the pleadings and should be
stricken.

The court grants in part and denies in part
Defendants' countermotion to strike and excludes certain matters
from its consideration of Admor's motion to dismiss.

Defendants have not alleged sufficient facts to state
a claim of unfair competition or for statutory damages under
COBRA.  However, Admor has not established that Defendants'
claim for failure to pay is moot.  The court therefore grants
Admor's motion to dismiss in part, dismisses the unfair
competition and COBRA notification claims, and grants Defendants
leave to amend the Counterclaim.

## II.      BACKGROUND.

Admor alleges that Lessary, while an Admor
salesperson, began soliciting business for Hicoustix, an Admor
competitor, and misappropriated Admor's trade secrets.  Admor
filed its Complaint against Defendants on February 8, 2019,
asserting nine claims: (1) violation of the Defend Trade Secrets
Act, 18 U.S.C. § 1836; (2) violation of the Racketeer Influenced

2

and Corrupt Organizations Act, 18 U.S.C. § 1962; (3) breach of the duty of loyalty; (4) unfair competition under 15 U.S.C. § 1125(a); (5) unfair competition under section 480-2 of Hawaii Revised Statutes; (6) tortious interference with prospective business advantage; (7) tortious interference with business relations; (8) conversion; and (9) unjust enrichment. ECF No. 1.

The Complaint seeks several forms of relief, including the "[e]ntry of preliminary and permanent injunctions (1) prohibiting Sonny and Hicoustix from working with any of Admor's customers; (2) prohibiting Sonny and Hicoustix from working with any of Admor's vendors; (3) prohibiting anyone acting in concert with Defendants from working with Admor's customers and vendors; (4) preventing any further use or disclosure of the Trade Secrets by Defendants; (5) preventing Sonny and Hicoustix from using Admor's name, symbols, and logos in association with Hicoustix or any other company, and (6) preventing Defendants from otherwise unfairly competing with Admor." *Id.*, PageID # 40. The Complaint states that Admor has "approximately 2042 active customer/contractors" and "423 vendors." *Id.* at 8-9.

Admor moved for a preliminary injunction "[p]reserving the status quo by preventing Defendants from servicing any and

all entities and individuals who were Admor customers and vendors as of April 1, 2018." ECF No. 10, PageID # 60.

On April 5, 2019, Defendants filed a Counterclaim against Admor. ECF No. 24-1. Defendants allege that Lessary had no contractual agreement with Admor containing noncompete, nonsolicitation, or nonacceptance-of-business provisions, and that, while at Admor, Lessary did no work with at least 1,900 of Admor's 2,042 customers or with 400 of Admor's 423 vendors. *Id.*, PageID #s 431-35. The Counterclaim argues that Admor violated section 480-2 of Hawaii Revised Statutes by seeking to prohibit Defendants from working with customers and vendors with whom Lessary had done no business and had not engaged in any inappropriate conduct. *Id.* at 435-40. The Counterclaim further asserts a claim for failure to pay Lessary's full commissions and wages and a claim for failure to provide Lessary with COBRA information following his termination from Admor. *Id.* at 440-45.

An evidentiary hearing on Admor's motion for preliminary injunction was held on April 16, 2019.

On April 26, 2019, Admor filed its motion to dismiss the Counterclaim. ECF No. 55. On June 10, 2019, Defendants filed their countermotion to strike along with their opposition to Admor's motion to dismiss. ECF No. 67.

The court issued its Findings of Fact, Conclusions of Law, and Order on June 18, 2019, denying Admor's preliminary injunction motion. ECF No. 69.

**III.     STANDARDS OF REVIEW.**

**A.     Rule 12(b)(1) Motion To Dismiss For Lack Of Subject Matter Jurisdiction.**

Admor's motion to dismiss is brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure. However, Admor raises the issue of mootness, which is a matter of subject matter jurisdiction properly considered under Rule 12(b)(1). *See Gemtel Corp. v. Cmty. Redev. Agency*, 23 F.3d 1542, 1544, 1544 n.1 (9th Cir. 1994); *see also Bland v. Fessler*, 88 F.3d 729, 732 n.4 (9th Cir. 1996) (citing *Gemtel* for the principle that "mootness and ripeness [are] properly challenged under Rule 12(b)(1)"). Therefore, the court treats Admor's motion as having been brought in part under Rule 12(b)(1), which governs dismissal for lack of subject matter jurisdiction.

An attack on subject matter jurisdiction "may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack asserts that "the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction[,]" while a factual attack "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.*

When the challenge is facial, all allegations of
material fact are taken as true and construed in the light most
favorable to the nonmoving party. *Fed'n of African Amer.
Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir.
1996). In a facial attack on jurisdiction, the court
"confin[es] the inquiry to allegations in the complaint."
*Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa
Cty.*, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003).

Before this court is a factual attack. In a factual
attack on jurisdiction, a court "may review evidence beyond the
complaint without converting the motion to dismiss into a motion
for summary judgment." *Wood v. City of San Diego*, 678 F.3d
1075, 1083 n.8 (9th Cir. 2012) (quoting *Meyer*, 373 F.3d at
1039). In such a challenge, "[t]he court need not presume the
truthfulness of the plaintiff's allegations." *Id.* "Once the
moving party has converted the motion to dismiss into a factual
motion by presenting affidavits or other evidence properly
brought before the court, the party opposing the motion must
furnish affidavits or other evidence necessary to satisfy its
burden of establishing subject matter jurisdiction." *Savage*,
343 F.3d at 1039 n.2.

**B.    Rule 12(b)(6) Motion To Dismiss For Failure To State A Claim.**

Under Rule 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief can be granted.  The court's review is generally limited to the contents of a complaint.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Campanelli v. Bockrath*, 100 F.3d 1476, 1479 (9th Cir. 1996).  If matters outside the pleadings are considered, the Rule 12(b)(6) motion is treated as one for summary judgment.  *Keams v. Tempe Tech. Inst., Inc.*, 110 F.3d 44, 46 (9th Cir. 1997); *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996).  However, the court may take judicial notice of and consider matters of public record without converting a Rule 12(b)(6) motion to dismiss into a motion for summary judgment. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1198 (9th Cir. 1988).

On a Rule 12(b)(6) motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.  *Fed'n of African Am. Contractors*, 96 F.3d at 1207.  However, conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss. *Sprewell*, 266 F.3d at 988; *In re Syntex Corp. Sec. Litig.*, 95

F.3d 922, 926 (9th Cir. 1996). Dismissal under Rule 12(b)(6) may be based on either "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (citing *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984)).

To survive a Rule 12(b)(6) motion to dismiss, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he pleading standard . . . does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." (internal quotation marks omitted)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks omitted). A complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged."
*Iqbal*, 556 U.S. at 678.

**C.   Rule 12(f) Motion To Strike.**

Under Rule 12(f), the "court may strike from a
pleading an insufficient defense or any redundant, immaterial,
impertinent, or scandalous matter," on its own or upon a motion
made by a party.  Fed. R. Civ. P. 12(f).  Redundant matter is an
allegation that includes a "needless repetition of other
averments or [is] foreign to the issue."  *Sligher v. Prospect
Mortg., LLC*, 789 F. Supp. 2d 1212, 1216 (E.D. Cal. 2011)
(citations omitted); *see also Walter-Cook v. Integrated Health
Res., LLC*, Civ. No. 12-00146 ACK-RLP, 2012 WL 4461159, at *1-2
(D. Haw. Aug. 10, 2012).  Immaterial matter has "no essential or
important relationship to the claim for relief or the defenses
being pleaded."  *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527
(9th Cir. 1993) (citations omitted), *rev'd on other grounds*, 510
U.S. 517 (1994).  Impertinent matter "consists of statements
that do not pertain, and are not necessary, to the issues in
question."  *Id.*  Scandalous matter "improperly casts a
derogatory light on someone, most typically on a party to the
action."  *Guerrero v. Halliburton Energy Servs., Inc.*, 231 F.
Supp. 3d 797, 802 (E.D. Cal. 2017) (quoting *Germaine Music v.
Universal Songs of Polygram*, 275 F. Supp. 2d 1288, 1300 (D. Nev.
2003)).

The purpose of a Rule 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). A Rule 12(f) motion to strike is a "severe measure and is generally viewed with disfavor." *United States v. 729.773 Acres of Land*, 531 F. Supp. 967, 971 (D. Haw. 1982); *see also Sky–Med, Inc. v. Skydiving Sch., Inc.*, Civ. No. 13-00193 DKW/BMK, 2014 WL 198801, at *2 (D. Haw. Jan. 16, 2014). Because of this, a motion to strike is "not normally granted unless prejudice would result to the movant from the denial of the motion." *729.773 Acres of Land*, 531 F. Supp. at 971. In considering a motion to strike, the court "views the challenged pleadings in the light most favorable to the plaintiffs." *Wailua Assocs. v. Aetna Cas. & Sur. Co.*, 183 F.R.D. 550, 554 (D. Haw. 1998) (citing *Hoeft v. Tucson Unified Sch. Dist.*, 967 F.2d 1298, 1301 (9th Cir. 1992)).

IV.     **ANALYSIS.**

A.   **Defendants' Countermotion To Strike.**

Defendants' countermotion seeks to the strike the following matters included in Admor's motion to dismiss:

- Reference to: https://dqydj.com/income-percentile-calculator/;

- References to exhibits that were made part of the record during the evidentiary

10

> hearing on Plaintiff's Motion for
> Preliminary Injunction that was heard
> April 16, 2019;
>
> - References to the declarations of Mr.
>   Lessary, Drew Santos, Rogene Gaspar; and
>
> - Declaration of Mark G. Valencia [part of
>   ECF No. 55] and Exhibit "A" attached
>   thereto [ECF No. 55-1].

ECF No. 67, PageID # 1285.  Defendants argue that these matters are outside the pleadings, are immaterial, and should not be considered by the court in deciding Admor's motion to dismiss. *Id.* at 1284-85.  Concluding that the matters should not be considered in deciding a Rule 12(b)(6) motion, the court grants in part Defendants' countermotion to strike.  However, because the court may properly consider evidence beyond the complaint under Rule 12(b)(1) when deciding whether an issue is moot, the court denies the countermotion with respect to evidence relevant to Admor's mootness arguments.

### 1.    Online "Income Percentile Calculator."

Admor cited a website as support for the following sentence in its motion to dismiss: "This case involves an employee, Defendant Robert Sonny Lessary, who was unsatisfied with earning more than $200,000 in annual compensation, or more than about 97 percent of all working Americans."  ECF No. 55, PageID # 1017.  The website is a personal finance and investing blog called "DQYDJ," and the web page referenced by Admor is

titled "Income Percentile Calculator for the United States in 2018." *See* PK, *Income Percentile Calculator for the United States in 2018*, DQYDJ, https://dqydj.com/income-percentile-calculator (last visited Jul. 26, 2019). Lessary's income percentile has "no essential or important relationship" to any arguments in Admor's motion to dismiss and the relief sought therein. *See Fantasy*, 984 F.2d at 1527. The court strikes the website as immaterial to the motion to dismiss.

Admor requests that the court take judicial notice of the website as a "matter of public record." ECF No. 68, PageID # 1296. "[D]ocuments attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice" may be considered "without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003) (citations omitted). A court "may take judicial notice of 'matters of public record,'" but it "may not take judicial notice of a fact that is 'subject to reasonable dispute.'" *Lee*, 250 F.3d at 689 (quoting *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); Fed. R. Evid. 201(b)).

Typical matters of public record include documents filed with courts and records of government agencies. *See Dent v. Holder*, 627 F.3d 365, 371-72 (9th Cir. 2010); *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971

12

F.2d 244, 248 (9th Cir. 1992).  This web page was written by

"PK," who describes himself as someone who "founded DQYDJ in

2009 to educate and learn from others in finance and investing.

By day he writes prose and code in Silicon Valley."  This

description does not convince the court that the website is akin

to court documents or government records.  The information on

the website is subject to reasonable dispute, and the court

declines to take judicial notice of it.

> **2.  Evidence from the Hearing on Admor's Motion
> for Preliminary Injunction.**

In its arguments under Rule 12(b)(6), Admor references

exhibits and declarations that were submitted as evidence during

the evidentiary hearing on Admor's motion for preliminary

injunction on April 16, 2019.  *See, e.g.*, ECF No. 55, PageID

#s 1018-20.  As stated above, in deciding a Rule 12(b)(6)

motion, the court's review is generally limited to the

complaint, but a court may consider documents attached to the

complaint, documents incorporated by reference in the complaint,

or matters of judicial notice.  Evidence from the April 16

evidentiary hearing does not fall into any of these categories

and therefore will not be considered.  The Counterclaim

references Admor's motion for preliminary injunction, but does

not reference any exhibits or declarations submitted in support

of that motion.

Admor states that "the Court may consider matters outside of the pleadings, convert the Motion to Dismiss to one for summary judgment, provide Lessary with a reasonable opportunity to submit evidence showing past commissions were not in fact paid, the COBRA notice has not in fact been provided, Lessary has in fact suffered out-of-pocket losses as a result of the COBRA notice, and that lack of notice was intentional." ECF No. 68, PageID # 1297. It is unclear whether Admor is requesting that the court convert its motion to dismiss into a motion for summary judgment or merely reminding the court that it has the ability to do so.

The court sees no reason to convert Admor's motion to dismiss into one for summary judgment. Admor argues that, under Rule 12(b)(6), the Counterclaim fails to state a claim upon which can be granted. Evidence from subsequent proceedings is unnecessary for the court to determine whether or not the Counterclaim states a claim. Moreover, Admor is free to file a motion for summary judgment if it so chooses. The court notes that the deadline for the filing of dispositive motions is November 6, 2019, which is several months from now. ECF No. 27, PageID # 454.

### 3.    Declaration of Mark G. Valencia and the Attached Exhibit.

Admor attaches to its motion a declaration of its counsel.  ECF No. 55.  The declaration attaches Exhibit A, which is a letter dated April 25, 2019, from Admor's counsel to Defendants' counsel.  ECF No. 55-1.  The letter discusses Defendants' claims that Admor failed to pay Lessary commissions and wages and that Admor violated COBRA notice requirements.

With a Rule 12(b)(6) motion, "[d]eclarations can be used to bring materials that are properly considered to the attention of the court."  *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1020 (C.D. Cal. 2015) (citing *In re Silicon Graphics, Inc. Sec. Litig.*, 970 F. Supp. 746, 758–59 (N.D. Cal. 1997)).  However, courts "regularly decline to consider declarations and exhibits submitted in support of or opposition to a motion to dismiss . . . if they constitute evidence not referenced in the complaint or not a proper subject of judicial notice."  *Id.* at 1021 (citing *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, 880 F. Supp. 2d 1045, 1060 (N.D. Cal. 2012)) (other citations omitted).  The declaration and exhibit attached to Admor's motion to dismiss were not referenced in the Counterclaim and are not "matters of public record" to be judicially noticed.  The court declines to

consider these attachments with respect to Admor's Rule 12(b)(6) arguments.

However, the declaration and exhibit are directly relevant to Admor's mootness arguments under Rule 12(b)(1). Admor argues that Defendants' claims of failure to pay and insufficient COBRA notification have become moot, as evidenced by the letter. ECF No. 55, PageID #s 1028-31. In addressing a factual attack on jurisdiction under Rule 12(b)(1), a court "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Wood*, 678 F.3d at 1083 n.8. Therefore, the court considers these attachments in determining whether Defendants' failure to pay and COBRA notification claims are moot.

**B. Admor's Motion To Dismiss.**

**1. Count I: Unfair Competition.**

In Count I of the Counterclaim, Defendants assert a claim of unfair competition under section 480-2 of Hawaii Revised Statutes. ECF No. 24-1, PageID # 435. Admor's Complaint seeks to prohibit Defendants from working with all of Admor's customers and vendors. Admor argues that Defendants' unfair competition claim fails as a matter of law because "the mere act of filing the Verified Complaint and seeking relief allowed by law" is not unfair competition. *See* ECF No. 55, PageID # 1021.

16

Section 480-2(a) provides that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful."  The Hawaii Supreme Court has explained that "HRS § 480-2, as its federal counterpart in the [Federal Trade Commission] Act, was constructed in broad language in order to constitute a flexible tool to stop and prevent fraudulent, unfair or deceptive business practices for the protection of both honest consumers and honest businesspersons."  *Haw. Comm. Fed. Credit Union v. Keka*, 94 Haw. 213, 228, 11 P.3d 1, 16 (2000) (citation and alteration omitted)).  Only "a consumer, the attorney general or the direct of the office of consumer protection" may bring a claim of unfair or deceptive acts or practices.  HRS § 480-2(e).  However, "any person may bring a claim of unfair methods of competition [("UMOC")] based upon conduct that could also support a claim of unfair or deceptive acts or practices as long as the nature of the competition is sufficiently alleged in the complaint."  *Haw. Med. Ass'n v. Haw. Med. Serv. Ass'n, Inc.*, 113 Haw. 77, 113, 148 P.3d 1179, 1215 (2006).

Defendants bring a UMOC claim, which requires proof of "(1) a violation of HRS Chapter 480; (2) an injury to the plaintiff's business or property that flows from the defendant's conduct that negatively affects competition or harms fair competition; and (3) proof of damages."  *Field, Tr. Of Estate Of*

*Aloha Sports Inc. v. Nat. Collegiate Athletic Ass'n*, 143 Haw.
362, 372, 431 P.3d 735, 745 (2018) (citing *Gurrobat v. HTH*
*Corp.*, 133 Haw. 1, 21, 323 P.3d 792, 812 (2014)).

Admor's arguments go to the first two elements.  The
court concludes that Defendants sufficiently plead the first
element, but not the second.

### a.    Unfair Act.

The first element of a UMOC claim requires proof of an
unfair or deceptive act, and Defendants argue that Admor
committed an unfair act.  *See* ECF No. 67, PageID #s 1275-76.  An
act is unfair when "[1] it offends established public policy and
[2] when the practice is immoral, unethical, oppressive,
unscrupulous or [3] substantially injurious to consumers."
*Hungate v. Law Office of David B. Rosen*, 139 Haw. 394, 411, 391
P.3d 1, 18 (2017) (quoting *Keka*, 94 Haw. at 228, 11 P.3d at 16)
(alterations in original).  All three factors need not be
alleged to assert that an act is unfair.  *See id.* ("Hungate need
not allege that Deutsche Bank's actions meet all three of these
factors to assert an unfair act or practice.").  An unfair act
does not require violation of a statute or satisfaction of the
elements of an analogous claim.  *See Field*, 143 Haw. at 373, 431
P.3d at 746 (concluding that plaintiff need not "prove a claim
for tortious interference with prospective business advantage in
order to demonstrate a HRS § 480-2(a) violation" because "the

evaluation of whether particular, non-statutorily-enumerated conduct is unfair is simply a question of fact that does not require incorporating the elements of an analogous claim").

Admor argues that the Counterclaim does not plead an unfair or deceptive act because Admor's Complaint "credibly accuses [Defendants] of trade secret misappropriation, breach of the duty of loyalty, and unfair competition," and Admor was permitted to seek an injunction of Defendants' unlawful practices. *See* ECF No. 55, PageID #s 1023-26. Admor is correct that its unfair competition and trade misappropriation claims against Defendants allow for injunctive relief. Section 480-13(a)(2) of Hawaii Revised Statutes provides that "any person who is injured in the person's business or property by reason of anything forbidden or declared unlawful by this chapter . . . [m]ay bring proceedings to enjoin the unlawful practices[.]" HRS § 480-13(a)(2). The Defend Trade Secrets Act provides, "In a civil action brought under this subsection with respect to the misappropriation of a trade secret, a court may . . . grant an injunction . . . to prevent any action or threatened misappropriation . . . [.]" 18 U.S.C. § 1836(b)(3)(A)(i).

However, Defendants are not alleging that Admor committed an unfair act by filing claims and seeking to prevent Defendants from engaging in unlawful practices or misappropriation. The Counterclaim more narrowly alleges that,

at the time the Complaint was filed, Admor (1) knew that Lessary had not conducted any business with 1,900 of Admor's 2,042 customers and 400 of Admor's 423 vendors, (2) was unaware of whether Lessary had misappropriated or engaged in inappropriate conduct with any of those customers and vendors, and (3) believed that preventing Lessary from working with 2,042 customers and 423 vendors would limit Defendants' ability to compete with Admor. *See* ECF No. 24-1, PageID #s 435-36. The Counterclaim further alleges that there was no noncompete, nonsolicitation, or nonacceptance-of-business contract in place. *See id.* at 431-32. In other words, Defendants allege that Admor attempted to limit competition by prohibiting Defendants from *lawfully* doing business with over 2,000 customers and vendors.[1]

There does not appear to be Hawaii case law directly addressing the issues presented here. Defendants argue that Admor's actions offend public policy because the Hawaii Legislature, through the passage of chapter 480 of Hawaii Revised Statutes, "has recognized a strong public policy in

_____

[1] Admor states that "the request for injunctive relief has been limited to precluding Defendants from serving contractors and vendors that were actually misappropriated. This was based on information learned after the Complaint and Motion for Preliminary Injunction were filed." ECF No. 55, PageID # 1027. Admor narrowed the scope of its requested preliminary injunction in its Proposed Findings of Fact and Conclusions of Law for the preliminary injunction proceedings. However, Admor has not amended its Complaint. Therefore, the scope of the permanent injunction sought in the Complaint remains unchanged.

favor of competition." ECF No. 67, PageID # 1278 (quoting *Cieri v. Leticia Query Realty, Inc.*, 80 Haw. 54, 59, 905 P.2d 29, 34 (1995) ("The genesis of Hawaiʻi's consumer protection statute is in federal antitrust law. Although the federal arsenal of antitrust laws is comprised of several differently worded statutes of varying scope that have generated volumes of case law, *all of the acts have a common focus on trade, commerce, and business, and all share a concern for the preservation of unrestrained economic competition and free trade*." (emphasis added))). Defendants also argue that Admor's actions "have been substantially injurious to consumers because they have caused Mr. Lessary to refrain from expanding Hi[]coustix's business, thereby limiting the pool of providers from whom consumers may obtain products." *Id.* at 1280.

Importantly, "the question of whether a practice constitutes an unfair or deceptive trade practice is ordinarily a question of fact." *Hungate*, 139 Haw. at 410, 391 P.3d at 17 (quoting *Balthazar v. Verizon Haw., Inc.*, 109 Haw. 69, 72 n.4, 123 P.3d 194, 197 n.4 (2005)). It is therefore up to the fact-finder to determine whether Admor committed an unfair act by seeking to prohibit Defendants from working with customers and vendors with whom Defendants never did business and never did anything unlawful. Defendants' unfair competition claim does not fail to allege an unfair act as a matter of law.

Defendants also argue that "'an unfair act' is committed whenever 'the unfair method is being employed under circumstances which involved flagrant oppression of the weak by the strong,'" and Admor, a large company, has flagrantly oppressed Lessary, an individual.  ECF No. 67, PageID #s 1276-77 (quoting *Cunha v. Ward Foods, Inc.*, 804 F.2d 1418, 1433 (9th Cir. 1986)).  The "flagrant oppression" standard does not appear to apply to the first element of a UMOC claim.  *Cunha* quoted *Ailetcher v. Beneficial Finance Company of Hawaii*, 2 Haw. App. 301, 632 P.2d 1071 (1981), which was abrogated by *Hac v. University of Hawaii*, 102 Haw. 92, 73 P.3d 46 (2003).  *Ailetcher* had quoted *Ai v. Frank Huff Agency, Ltd.*, 61 Haw. 607, 607 P.2d 1304 (1980), which was overruled by *Robert's Hawaii School Bus, Inc. v. Laupahoehoe Transportation Company, Inc.*, 91 Haw. 224, 982 P.2d 853 (1999), which, in turn, was superseded by statute.

In *Ai v. Frank Huff Agency, Ltd.*, the Hawaii Supreme Court applied the "flagrant oppression" standard to determine whether plaintiffs had standing to sue for damages under the "public interest requirement" in section 480-13 of Hawaii Revised Statutes.  *See* 61 Haw. at 614-15, 607 P.2d at 1309.  Section 480-13 has since been amended, and no longer includes the public interest requirement.  *See* HRS § 480-13; *Davis v. Four Seasons Hotel Ltd.*, 122 Haw. 423, 441, 228 P.3d 303, 321 (2010) (explaining that *Ai* addressed the "now-repealed public

interest requirement"). The Hawaii Supreme Court has not mentioned the "flagrant oppression" standard in its recent cases analyzing the first element of a UMOC claim. *See, e.g.*, *Field*, 143 Haw. at 373, 431 P.3d at 746; *Hungate*, 139 Haw. at 410-11, 391 P.3d at 17-18. In any event, because this court concludes that Defendants sufficiently allege an unfair act, the court need not decide this issue.

### b. Nature of Competition.

The second element of a UMOC claim requires the plaintiff to demonstrate both "an injury in fact to his or her business or property" and the "nature of competition." *Field*, 143 Haw. at 372-73, 431 P.3d at 745-46 (citing *Gurrobat v. HTH Corp.*, 133 Haw. 1, 21, 323 P.3d 792, 812 (2014)). The nature of competition element is met "by demonstrating how the defendant's conduct negatively affects competition or harms fair competition." *Id.* at 373, 431 P.3d at 746 (citation omitted). The alleged conduct must harm "competition itself, not merely a competitor." *Sky-Med, Inc. v. Skydiving Sch., Inc.*, Civ. No. 13-00193 DKW/BMK, 2014 WL 12600271, at *3 (D. Haw. May 1, 2014).

Admor argues that, although Defendants have alleged harm to themselves, they have not alleged sufficient facts going to the nature of competition. ECF No. 55, PageID #s 1026-28. According to Admor, the Counterclaim's only allegation going to the nature of competition is the following:

70. Admor's actions have reduced
competition in the market by limiting Mr.
Lessary's and Hicoustix's ability to
compete.

*Id.* at 1027 (citing ECF No. 24-1, PageID # 439).

Admor ignores several other factual allegations in the
Counterclaim. The Counterclaim alleges that Admor's actions
have caused Defendants to refrain from expanding their product
offerings and from obtaining warehouse space, and have prevented
Defendants from being able to stock and sell various products.
ECF No. 24-1, PageID # 439. The Counterclaim goes on to allege
that "[a]s a result of Admor's actions," "Mr. Lessary has
greatly limited the amount of sales of Service Partners
products, which generally require stock in a warehouse space,"
and "contractors have refrained from conducting business with
Mr. Lessary and Hicoustix." *Id.* at 440.

Whether these allegations are sufficient to allege the
nature of competition is a close call. Although the
Counterclaim can be fairly read as alleging that the contractors
and vendors that work with Hicoustix were harmed by Admor's
conduct, it is unclear whether harm to customers alone can
satisfy the nature of competition element. Other courts have
focused on the presence of other competitors in the market when
determining whether conduct has harmed competition. *See Sky-
Med*, 2014 WL 12600271, at *2 ("Although Plaintiff alleges that

Defendant's goal is to put Plaintiff out of business, the elimination of a single competitor does not establish anticompetitive effect."); *GSI Tech. v. United Memories, Inc.*, Case No. 5:13-cv-01081-PSG, 2014 WL 1572358, at *3 (N.D. Cal. Apr. 18, 2014) ("[T]he elimination of a single competitor, standing alone, does not prove anticompetitive effect. Impact upon the market must be proven." (quoting *Kaplan v. Burroughs Corp.*, 611 F.2d 286, 291 (9th Cir. 1979))).

The Counterclaim does not describe Hicoustix's or Admor's competitors or the nature of the market affected. At the hearing on July 1, 2019, Defendants' counsel explained that, given the limited market for the products sold by Admor and Hicoustix, the elimination of Hicoustix would essentially create a monopoly for Admor. This court cannot glean that from the Counterclaim, and Defendants' counsel conceded at the hearing that that allegation was not set forth in the Counterclaim. As a result, the court dismisses Defendants' unfair competition claim, but grants leave to amend to provide additional facts regarding the nature of competition.

### 2. Count II: Failure to Pay Wages/Commissions.

Count II of the Counterclaim asserts a claim under chapter 388 of Hawaii Revised Statutes based on Admor's alleged failure to pay Lessary the full amount of wages and commissions that he was due. ECF No. 24-1, PageID #s 440-42. The

Counterclaim alleges that "Admor has failed to pay
commissions/wages to Mr. Lessary in excess of $16,000," and that
"[p]ursuant to Haw. Rev. Stat. § 388-10, Admor is liable to Mr.
Lessary 'in addition to the wages legally proven to be due, for
a sum equal to the amount of unpaid wages and interest at a rate
of six per cent per year from the date that the wages were
due.'" *Id.* at 442 (quoting HRS § 388-10(a)(1)).

Admor argues that this claim is moot because, after
receiving the Counterclaim, "Admor reviewed Sonny's commission
schedule, made a correction, and delivered a check for the full
amount of his commissions." ECF No. 55, PageID # 1028. In the
letter accompanying the check, Admor stated that it had
"determined that an unintentional error was made in the
calculation of Mr. Lessary's commissions," and enclosed "a check
payable to Mr. Lessary in the amount of $18,886.90, along with
the supporting calculations." ECF No. 55-1, PageID # 1036.

"The rule in federal cases is that an actual
controversy must be extant at all stages of review, not merely
at the time the complaint is filed." *Steffel v. Thompson*, 415
U.S. 452, 459 n.10 (1974). A case becomes moot "when the issues
presented are no longer 'live' or the parties lack a legally
cognizable interest in the outcome." *Murphy v. Hunt*, 455 U.S.
478, 481 (1982) (quoting *U.S. Parole Comm'n v. Geraghty*, 445
U.S. 388, 396 (1980). "The basic question in determining

mootness is whether there is a present controversy as to which effective relief can be granted." *Bayer v. Neiman Marcus Group, Inc.*, 861 F.3d 853, (9th Cir. 2017) (quoting *Ruiz v. City of Santa Maria*, 160 F.3d 543, 549 (9th Cir. 1998)).

Even if Admor paid Lessary the amount owed to him, effective relief may still be granted. Section 388-10(a) of Hawaii Revised Statutes provides:

> (a) Civil. Any employer who fails to pay wages in accordance with this chapter without equitable justification or violates this chapter or the administrative rules adopted under this chapter shall be liable:
>
> > (1) To the employee, in addition to the wages legally proven to be due, for a sum equal to the amount of unpaid wages and interest at a rate of six per cent per year from the date that the wages were due; and
> >
> > (2) For a penalty of not less than $500 or $100 for each violation, whichever is greater. The penalty shall be deposited into the labor law enforcement special fund.

In addition to the wages due, Lessary may be entitled to additional damages such as interest. Thus, the claim that Admor failed to pay Lessary commission and wages under chapter 388 of Hawaii Revised Statutes is not moot.

### 3. Count III: Violation of COBRA's Notice Requirements.

Finally, Count III asserts a claim against Admor under COBRA based on Admor's alleged failure to "provide Mr. Lessary

with any COBRA paperwork or information following his termination." ECF No. 24-1, PageID #s 442-43. The Counterclaim alleges that "Admor is liable to Mr. Lessary and each of his three minor children pursuant to [the Employment Retirement Income Security Act ("ERISA")], 29 U.S.C. § 1132(c)(1)(A), 29 U.S.C. § 1166 and 29 C.F.R. § 19 2527.502c-1 for civil penalties of $110 per day, per person, for each day that Admor failed to provide each participant and beneficiary with notice of their right to elect continuing coverage pursuant to . . . 29 U.S.C. § 1161(a)." ECF No. 24-1, PageID # 445.

Admor argues that this claim is moot, that the Counterclaim fails to allege facts going to Lessary's mental anguish, and that Lessary lacks standing over the claims of his children. ECF No. 55, PageID #s 1029-31.

At the hearing on July 1, 2019, Defendants' counsel conceded several aspects of the COBRA notification claim. Defendants' counsel explained that Defendants now seek only statutory penalties, and no longer seek damages for medical expenses or mental anguish. Defendants also concede that Lessary lacks standing over his children's claims.

The court concludes that the claim is not moot, but that the Counterclaim fails to alleged sufficient facts going to Defendants' claim for statutory penalties.

### a.   Mootness.

Admor argues that Defendants' COBRA claim is moot because "Admor has agreed to pay for any unpaid medical expenses incurred due to the failure to receive a timely COBRA notice." ECF No. 55, PageID # 1029.  In support, Admor cites the letter dated April 25, 2019, from Admor's counsel to Defendants' counsel, which states that "Kaiser has recently sent a COBRA notice to Mr. Lessary[,] and Admor intends to pay any medical expenses incurred by Mr. Lessary as a result of not previously receiving the COBRA notice."  ECF No. 55-1, PageID # 1036.

Relief may still be granted on Defendants' COBRA claim.  The notice requirements for continuing health insurance coverage are set forth in 29 U.S.C. § 1166, and, with respect to those requirements, ERISA provides:

> Any administrator (A) who fails to meet the requirements of paragraph (1) or (4) of section 1166 of this title . . . with respect to a participant or beneficiary, or (B) who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request *may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may*

29

> *in its discretion order such other relief as*
> *it deems proper.*

29 U.S.C. § 1132(c)(1) (emphasis added); *see also* 29 C.F.R.
§ 2575.502c-1 (increasing the maximum statutory penalty from
$100 per day to $110 per day for violations occurring after July
29, 1997). At this stage in the proceedings, the court cannot
determine whether an award of these statutory penalties is
warranted and, if so, what the amount of such penalties should
be. As a result, this claim is not moot.

### b. Statutory Penalties.

"Whether to impose statutory penalties [under § 1132]
and the amount of those penalties (up to $110 a day) is
discretionary." *Hemphill v. Estate of Ryskamp*, 619 F. Supp. 2d
954, 975 (E.D. Cal. 2008). "Appropriate factors to be
considered include [1] bad faith or intentional misconduct on
the part of the administrator, [2] the length of the delay,
[3] the number of requests made and documents withheld, and
[4] the existence of any prejudice to the participant or
beneficiary." *Moon v. Rush*, 69 F. Supp. 3d 1035, 1046 (E.D.
Cal. 2014) (quoting *Hemphill*, 619 F. Supp. 2d at 967)
(modification omitted). None of these factors is dispositive.
*Honey v. Dignity Health*, 27 F. Supp. 3d 1113, 1124 (D. Nev.
2014) ("The absence or presence of one or even multiple factors
is not dispositive."). "Section 1132 penalties are 'meant to be

in the nature of punitive damages, designed more for the purpose
of punishing the violator than compensating the participant or
beneficiary.'" *Moon*, 69 F. Supp. 3d at 1046 (quoting *Scott v.
Suncoast Beverage Sales, Ltd.*, 295 F.3d 1223, 1232 (11th Cir.
2002)).

The Counterclaim does not allege that Admor's conduct
stemmed from bad faith or intentional misconduct.  The
Counterclaim states that "Mr. Lessary, individually and/or
through his legal counsel, requested COBRA paperwork or
information following his termination," and that "[t]o date,
Admor has failed to provide the requested COBRA paperwork or
information despite requests for same."  ECF No. 24-1, PageID
# 444.  Nothing in the Counterclaim suggests that Lessary was
prejudiced by the delay.  In short, the Counterclaim does not
allege facts demonstrating Defendants' entitlement to statutory
penalties.

The COBRA notification claim is dismissed.  It is not
clear that amendment of the Counterclaim would be futile, and
this court allows Defendants to amend their Counterclaim.

**V.      CONCLUSION.**

The court grants Defendants' countermotion to strike,
except with respect to material relevant to Admor's mootness
arguments.  The court grants Admor's motion to dismiss in part,

dismissing the unfair competition and COBRA notification claims. The remainder of Admor's motion is denied.

Defendants are granted leave to amend their Counterclaim consistent with this order. That is, Defendants may file amended unfair competition and COBRA notification claims, and may add other claims. This document must be complete in itself; it may not incorporate by reference anything previously filed with this court. Any amended counterclaim must be filed no later than August 12, 2019.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 30, 2019.



/s/ Susan Oki Mollway

Susan Oki Mollway
United States District Judge

Admor HVAC Products, Inc. v. Robert Sonny Lessary, et al., Civ. No. 19-00068 SOM-KJM; ORDER (1) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM AND (2) GRANTING IN PART AND DENYING IN PART DEFENDANTS' COUNTERMOTION TO STRIKE.